IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANTHONY LONNIE WHITE, § | | |
| (INMATE #0335478), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. G-09-0014 | |
| § | | |
| GALVESTON COUNTY, § | | |
| § | | |
| Respondent. § | | |

### MEMORANDUM AND ORDER

Anthony Lonnie White (Inmate #0335478) is presently in custody at the Galveston County Jail, where he is a pre-trial detainee. White has filed a *pro se* petition for a writ of habeas corpus, seeking his release from confinement. White has recently supplied a letter that provides additional information about the pending charges and the state court proceedings against him. (Doc. # 4). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

### I.   BACKGROUND

According to the pleadings, White is currently in custody awaiting trial in the 450th District Court of Galveston County, Texas, on felony charges of burglary of a habitation, assault causing bodily injury, interfering with railroad property, and failure to produce identification upon request from law enforcement. White complains that he was arrested in September of 2008, but that he has not yet had a trial.

White, who is reportedly represented by court-appointed counsel, complains that his lawyer does not believe in his innocence and that he has not been treated in a "fair way." Noting the length of delay without a trial, White seeks his immediate release from jail. He also appears to seek dismissal of the charges against him. The petition must be dismissed for reasons explained in more detail below.

## II.   DISCUSSION

### A.   Exhaustion of State Court Remedies

Liberally construed, White complains that he has been denied his right to a speedy trial under the Sixth Amendment to the United States Constitution. *See* U.S. CONST. amend VI (guaranteeing that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions). The Sixth Amendment right to a speedy trial is applicable to the states pursuant to the Due Process Clause found in the Fourteenth Amendment. *See Klopfner v. North Carolina*, 386 U.S. 213, 222 (1967). The Texas Constitution contains a similar speedy trial guarantee. *See* TEX. CONST. art. I, § 10; *Zamorano v. State*, 84 S.W.3d 643, 647 n.6 (Tex. Crim. App. 2002) (noting that Article I, § 10 of the Texas Constitution guarantees the accused in all criminal prosecutions the right to a speedy and public trial).

Citing the delay in his case, White appears to seek his immediate discharge from custody. According to his petition, however, White has not filed a motion for a speedy trial with the trial court. White does not otherwise allege or show that he has exhausted available remedies by presenting his claims to the state's highest court of criminal jurisdiction (the Texas Court of Criminal Appeals) for review.

It is well established that a state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). As a pretrial detainee, White's petition is governed by 28 U.S.C. § 2241(c)(3), which affords habeas corpus review where a prisoner alleges that he is in custody "in violation of the Constitution or laws or treaties of the United States[.]" Section 2241 does not contain an express exhaustion requirement. Despite the absence of an express requirement in the statutory language, however, exhaustion is required where pretrial issues are concerned under the theory that federal courts should abstain from interference with matters that are pending in the state courts:

> [A] body of case law has developed holding that although [§] 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)) (citations omitted), *cert. denied*, 484 U.S. 956 (1987). Thus, an exhaustion requirement for petitions filed under § 2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 490-91).

If a Texas criminal defendant's right to a speedy trial has been violated, he may file a motion to set aside the indictment pursuant to Article 27.03 of the Texas Code of Criminal

Procedure. *See Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). Or he may assert his right to a speedy trial in a petition for writ of mandamus in the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 138 (Tex. Crim. App. 1988) (granting the relator's request for a writ of mandamus to compel the district court to set his case for trial); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (concluding that the Texas Court of Criminal Appeals has authority to issue writs of mandamus to compel a speedy trial in a criminal case); *see also Smith v. Gohmert*, 962 S.W.2d 590, 593 & n.7 (Tex. Crim. App. 1998) (distinguishing between the availability of mandamus relief to compel a speedy trial from the availability of mandamus relief to compel dismissal on speedy trial grounds, which is not available in habeas or mandamus); George E. Dix & Robert O. Dawson, 42 *Texas Practice: Criminal Practice and Procedure* § 23:50 (2nd ed. 2001) (discussing same).

    To the extent that White complains about undue delay, Texas has adequate and effective state procedures for obtaining a speedy trial. According to the petition and the supplemental correspondence, White has filed motions to dismiss his counsel, but he has not filed a formal motion for a speedy trial. Thus, it appears that neither the trial court nor the Texas Court of Criminal Appeals has had the opportunity to resolve this issue. Absent a showing that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider White's speedy trial claim, comity requires this Court to defer. As such White's petition must be dismissed for failure to exhaust state remedies. Alternatively, White's petition must be dismissed for other reasons discussed briefly below.

4

**B.     White's Petition Seeks Relief that is Unavailable**

In addition to his immediate release from custody, White also appears to seek dismissal of the charges against him on the grounds that he has been denied a speedy trial to prove his innocence. Because a federal habeas corpus court may not dismiss state court charges, this Court may not consider the merits of White's claim.

It is well settled that federal habeas relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial." *Dickerson*, 816 F.2d at 226 (quoting *Braden*, 410 U.S. at 489-92 and citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). Absent "special circumstances," federal habeas relief is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction. *Dickerson*, 816 F.2d at 226 (citing *Braden*, 410 U.S. at 489). The Sixth Amendment right to a speedy trial is not a "special circumstance" which would permit the federal habeas court to adjudicate any of a petitioner's affirmative defenses prior to conviction.[1] *Dickerson*, 816 F.2d at 227.

White provides no specific chronology of his state court proceedings in this instance and the pleadings do not otherwise demonstrate a constitutional violation. *See Barker v. Wingo*, 407 U.S. 514 (1972) (setting out a balancing test, including factors such as the length

---

[1] The sole exception to this rule appears to arise in cases alleging violations of the prohibition against double jeopardy. *See Fain v. Duff*, 488 F.2d 218 (5th Cir. 1973); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502 (E.D. La. 1988).

of the delay, the reason for the delay, the defendant's assertion of his speedy trial right, and the prejudice to the defendant resulting from the delay). White's conclusory allegations do not show that special circumstances are present and they do not otherwise establish that federal court intervention is warranted. Therefore, even if he had exhausted his state court remedies, White fails to demonstrate that federal habeas corpus relief is available. Because the White seeks relief that cannot be granted by a federal habeas corpus court, his petition must be dismissed for this additional reason.

**III.   CONCLUSION AND ORDER**

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED** for failure of the petitioner to exhaust available state court remedies.

2. Alternatively, the petition is **DISMISSED** for failure to state a claim upon which relief can be granted.

3. To the extent that one is required, a certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED on  March 20th , 2009.

_____
Nancy F. Atlas
United States District Judge